IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Richard Lee Bishop,                                      ) Civil Action No.: 4:14-cv-3561-BHH
                                                                    )
                                            Plaintiff,         )
                                                                    )
                                                                    )    **OPINION AND ORDER**
                            v.                                  )
                                                                    )
Carolyn W. Colvin, Commissioner of        )
Social Security,                                          )
                                                                    )
                                            Defendant.     )
_____ )

        Plaintiff Richard Lee Bishop ("Plaintiff") brought this action pursuant to 42 U.S.C.

§ 1383(c)(3) to obtain judicial review of a final decision of Defendant, Commissioner of

Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits

("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the

Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules

73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States

Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On December 22, 2015,

the Magistrate Judge issued a Report and Recommendation ("Report" or "R&R") in

which he determined that Plaintiff did not show that the Commissioner's decision was

unsupported by substantial evidence or reached through application of an incorrect

legal standard. Accordingly, the Magistrate Judge recommended affirming the

Commissioner's decision. (ECF No. 21.) Plaintiff filed Objections on January 8, 2016.

(ECF No. 23.) For the reasons stated below, the Court adopts the Report and affirms

the Commissioner's decision.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff was 38 years old on his alleged disability onset date and has past relevant work experience as a dye cutter, electrical helper, and dump truck operator. (R. at 32.)  On October 18, 2010, Plaintiff filed an application for DIB and SSI benefits alleging a disability since December 19, 2003,[1] due to degenerative disk disease, obesity, recurrent hernias, hypertension, shoulder problems, knee problems, anxiety, and depression, which was denied initially and on reconsideration.  (R. at 23, 26.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on November 26, 2012, finding Plaintiff was not disabled under the Act. (R. at 23–34.) The Appeals Council denied Plaintiff's request for review (R. at 1–8), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on September 6, 2014. (ECF No. 1.)

## REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 21 at 25.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole

---

[1] Plaintiff has filed a prior application for DIB. In a decision dated January 29, 2010, Plaintiff was found not disabled, which is the final decision of the Administration through that date. Accordingly, the doctrine of res judicata applies to the issue of disability from the alleged onset date through January 29, 2010. The instant ALJ decision addresses disability beginning January 29, 2010.

or in part, the recommendation of the Magistrate Judge, or recommit the matter to him

with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review,

under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate

Judge as to those portions of the report and recommendation to which no objections are

addressed. While the level of scrutiny entailed by the Court's review of the Report thus

depends on whether or not objections have been filed, in either case the Court is free,

after review, to accept, reject, or modify any of the Magistrate Judge's findings or

recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137,

138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the

Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only

review whether the Commissioner's decision is supported by substantial evidence and

whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the

Commissioner of Social Security as to any fact, if supported by substantial evidence,

shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).

"Substantial evidence has been defined innumerable times as more than a scintilla, but

less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964);

*see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368

F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In

order for a reviewing court to determine whether the Commissioner based a decision on

substantial evidence, "the decision must include the reasons for the determination . . . ."

*Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v.*

*Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Plaintiff filed objections to the Report and Recommendation ("Pl. Obj.") on January 8, 2016. (ECF No. 23.) He objects to the Magistrate Judge's recommendation concerning the ALJ's alleged failure to properly evaluate the opinions of Plaintiff's treating physician, Dr. Kurt Gandenberger ("Dr. Gandenberger").

Very respectfully, this objection is the precise matter raised to the Magistrate Judge and appropriately rejected in his thorough twenty-five page Report. (*See* R&R at 20–25); *see also Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F.

Supp. 2d 743, 747 (E.D. Mich. 2004). Nevertheless, the Court employs *de novo* review to consider Plaintiff's specific arguments.[2]

Plaintiff first asserts that the ALJ erred in finding Dr. Gandenberger's opinions to be inconsistent with the record. (Pl. Obj. 3.) Here, he refers to the ALJ's assessment of Dr. Gandenberger's September 28, 2010 opinion that Plaintiff should be "limited to no more than sedentary work" and "would need to rest away from the work station with his legs elevated" for more than one hour of a workday to relieve his leg edema. (R. at 1592.) In his decision, the ALJ gave significant weight to the portion of the opinion limiting Plaintiff to sedentary work. (R. at 31.) However, he gave less weight to the portions recommending rest away from the work station and leg elevation, finding these recommendations to be inconsistent "with the majority of the medical evidence." (*Id.*)

As an initial matter, Plaintiff relies on an unpublished, out-of-circuit case to argue that the ALJ failed to properly "set forth specific and legitimate reasons for rejecting Dr. Gandenberger's opinions." (Pl. Obj. 4 (citing *Harrington v. Colvin*, 2014 WL 441132, at *4 (E.D.C.A. 2014) (finding that "[t]he ALJ's previous summary of portions of the medical record is insufficient to satisfy the Commissioner's burden of setting forth specific and legitimate reasons for rejecting the opinion of a treating physician" where the ALJ fails "cite to the record or offer any analysis of the medical evidence in support of [his] position"))). Plaintiff appears to contend that the ALJ should have specified the inconsistent evidence in his discussion of Dr. Gandenberger's opinions, rather than relying on his discussion of the medical evidence elsewhere in his decision.

---

[2] As always, the Court says only what is necessary to address such arguments against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

Contrary to Plaintiff's assertion, the Court can look to the entirety of the ALJ's decision, including the ALJ's summary of the medical record, to determine whether the ALJ's assessment of opinion evidence is supported by substantial evidence. Indeed, this Court has recently emphasized that where "the ALJ in total has thoroughly discussed the value of an opinion, expressly and impliedly," the Court will not require that the ALJ's rationale "be all neatly collected proximate to any particular conclusion." *Brown v. Colvin*, No. 6:13-cv-2939, 2015 WL 1147039, at *3 (D.S.C. Mar. 13, 2015). Thus, it was not in error for the Magistrate Judge to find that the ALJ's assessment was based on substantial evidence where the ALJ discussed the medical evidence in his decision.

Further, the "consistent" evidence that Plaintiff cites from the record is not relevant to the period of disability at issue. Specifically, Plaintiff states that leg elevation "was suggested by other doctors," citing four documents in the record. (Pl. Obj. 5.) Upon review, the Court finds that the documents cited by Plaintiff refer to a single incident, Plaintiff's "mild left knee sprain," which occurred years before Dr. Gandberger issued his opinions and well before the disability period at issue here.[3] (R. at 774, 1299.) The documents, all recorded on November 14, 2006, instruct Plaintiff to "ice and elevate" the knee. (R. at 774, 779, 1293, 1299.) There is no indication that Plaintiff's knee sprain in 2006 required ongoing elevation of his leg.

In short, the Court finds that this argument is essentially an invitation to the Court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within the province of this court. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh

---

[3] The ALJ's instant decision concerns the period of disability beginning January 29, 2010.

conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ).

Plaintiff next asserts that the ALJ improperly discounted Dr. Gandenberger's opinions based on the fact that Plaintiff's counsel prepared the opinions. (Pl. Obj. 5–6.) As noted by the Magistrate Judge, the ALJ provided numerous other reasons to discount the treating physician's opinions, including the inconsistent medical evidence and Dr. Gandenberger's failure to cite any supporting clinical findings or treatment notes. (R&R at 21–24; R. at 31.) Thus, the Magistrate Judge was right to recommend that the ALJ's decision was based on substantial evidence. Plaintiff's assertion is ineffective to change that view.

The remainder of Plaintiff's arguments have been specifically considered *de novo* by the Court and either (1) fail to allege how the outcome of the decision would have been different; (2) lack record support; (3) are duplicative exactly of arguments already raised and adequately addressed by the recommendation; or (4) rely on evidence that, even where true, does not affect the view of the evidence, relied upon by the ALJ, as substantial. The Court is satisfied that in all respects the ALJ's findings are based on substantial evidence.

## CONCLUSION

The Court has carefully reviewed the record, including the findings of the ALJ and Plaintiff's objections to the Report and Recommendation. The Court concurs in the recommendation of the Magistrate Judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and

8

Recommendation, incorporating it herein by reference to the extent it is consistent with

this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

January 19, 2016
Greenville, South Carolina